IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON EDWARD FENNER                                                           PETITIONER

v.                                      Civil No. 06-5029

LARRY NORRIS, Director,
Arkansas Department of Correction                                             RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Jason E. Fenner, an inmate of the Arkansas department of Correction ("ADC"), brings this pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Larry Norris moves to dismiss on grounds of the statute of limitations and the doctrine of procedural default. I directed Fenner to complete a questionnaire as his response to the motion to dismiss.

DISCUSSION

On November 15, 2002, pursuant to a plea agreement, Fenner pled guilty to two counts of rape and was sentenced to 60 years in the ADC. The judgment and commitment order was filed on December 5, 2005. Fenner had no right to appeal from the plea and sentence. Ark. Rule App. – Crim.1; *Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004); *State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990).

Fenner had 90 days from entry of the judgment within which to file a post-conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. Ark. R. Crim. P. 37.2(c). However, he did not file a Rule 37 petition. Rather, on September 8, 2004, nearly two years later, he filed a habeas corpus petition in the Benton County Circuit Court. On October 29, 2004, Benton County

Circuit Judge Tom J. Keith entered an order denying the petition, finding that Fenner had not stated any grounds for habeas corpus relief and the time for filing a Rule 37 petition had expired. Fenner took no appeal from Judge Keith's order.

In this action, Fenner claims that his defense counsel threatened and coerced him into pleading guilty; defense counsel coerced him into admitting at a mental health hospital that he raped hundreds of children to show he was "criminally insane" when, in fact, he only raped the children of which he was charged; and he was sexually abused by family and friends and told there was nothing wrong with it but his defense attorney refused to raise this issue.

*Statute of Limitations*

I first take up the respondent's assertion that this case is barred by limitations because it was not filed within the one-year statute of limitations applicable to habeas corpus cases arising under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996; 28 U.S.C. § 2244(d)(1).

The AEDPA provides that a habeas corpus petition must be filed no later than one year from the latest of: (d)(1)(A), the date the conviction becomes final by the conclusion of direct review or the expiration for seeking such review; (d)(1)(B), the date that an impediment to filing an application created by State action in violation of the Constitution or other federal law is removed, if the applicant was prevented from filing by such State action; (d)(1)(C), if a newly recognized right is involved which is made retroactive by the Supreme Court, then the date on which the right was initially recognized; (d)(1)(D), the date on which the factual basis of the claim(s) could have been discovered through the exercise of due diligence. The AEPDA also provides that if a state post-conviction petition is "properly filed," the time during which it was pending in the state court is not counted against the one-year period. 28 U.S.C. 2244(d)(2).

Respondent contends that the limitations period in Fenner's case was triggered when his conviction became final under subsection (d)(1)(A) above. In that Fenner had no right to direct appellate review, that date would have been December 5, 2002, when the judgment and commitment order was entered. Fenner's petition in this court was thus due on or before December 5, 2003. However, it was not filed until February 8, 2006.

In his questionnaire, Fenner offers that he has a third grade intelligence and was unaware of any state or federal post-conviction remedies during the limitations period. He learned of the state habeas corpus remedy in August 2004. At his request, the Benton County Circuit Court sent him a habeas corpus form which he completed and filed, but he was unaware how to appeal the denial. Only recently did he learn from a fellow inmate of a federal habeas corpus petition and he did not learn of the limitations period until January 2006.

Fenner's assertions in the questionnaire do not invoke a triggering date other than the date on which his conviction became final under 28 U.S.C. § 2244(d)(1)(A). He does not assert that a State created impediment violative of federal law prevented him from filing earlier under (d)(1)(B) or that a retroactive right is applicable under (d)(1)(C). Also, the claims asserted here were available during the limitations period, making (d)(1)(D) inapplicable. Further, Fenner did not file a timely post-conviction petition under Rule 37 so as to toll the limitations period under (d)(2), and the state habeas corpus petition filed after the limitations period expired did not serve to toll the limitations period. *Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003)(citation omitted).

The doctrine of equitable tolling affords prisoners a narrow window of relief; the doctrine is applied where extraordinary circumstances beyond a prisoner's control make it impossible for him

to file his petition on time or when the respondent's conduct has lulled the petitioner into inaction. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). *See Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling applies only when the petitioner has shown diligence in pursuing the matter. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). A pro se prisoner's lack of legal knowledge does not support equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox, supra.*

Here, Fenner has not shown he is entitled to equitable tolling. Although Fenner contends his reading capacity is at a third grade level, the Clerk's docket reflects that Fenner has represented himself in four other actions in this court since 2002, including an action against the prosecutor and public defender involved in the criminal proceedings against him, *Fenner v. Taylor, et al*, No. 04-0503. He also represented himself on appeal from dismissal of that action. *See* Att. "A." In this case, Fenner completed a lengthy petition and questionnaire, providing much detail. Fenner has not demonstrated that an extraordinary circumstance prevented him from filing a timely § 2254 petition or that he was lulled into inaction by the respondent. What is shown at most is that Fenner failed to file a timely § 2254 petition due to his pro se status and lack of legal knowledge, factors which are inadequate to warrant equitable tolling.

CONCLUSION

I recommend that this action be dismissed with prejudice on the ground it is barred by the one-year statute of limitations of the AEDPA. Because this will dispose of the case, I have not addressed the respondent's alterative ground for dismissal under the procedural default doctrine.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district judge.**

DATED this 26th day of April 2006.

                                        /s/Beverly Stites Jones
                                        HON. BEVERLY STITES JONES
                                        UNITED STATES MAGISTRATE JUDGE